UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DONNIE WAYNE NIPPER,

    Petitioner,

v.                                                     CASE NO. 5:10-cv-237-10TBS

WARDEN, FCC Coleman-Medium

    Respondent.
_____/

## **ORDER**

Petitioner Donnie Wayne Nipper ("Petitioner"), an inmate currently incarcerated at the Coleman Federal Correctional Complex in Coleman, Florida, filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 3, filed June 21, 2010). He brings this action to challenge the sentence imposed for his 2005 convictions in the Middle District of North Carolina for unlawfully transporting a stolen vehicle in violation of 18 U.S.C. § 2312 and knowingly possessing a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (MDNC Case No. 1:04-cr-434-JAB).[1] Petitioner argues that his sentence for knowingly possessing a firearm as a convicted felon was improperly enhanced under the Armed Career Criminal Act ("ACCA") at his 2005 sentencing because subsequent United States Supreme Court decisions have determined that the underlying convictions used to do so were not predicate felonies for enhancement under the ACCA.

Respondent has filed a response asserting that the petition should be denied because, notwithstanding the subsequent Supreme Court decisions, Petitioner has sufficient qualifying prior convictions to justify the enhancement (Doc. 11). Petitioner has

---

[1] Middle District of North Carolina Criminal Case No. 1:04-cr-434-JAB will be referred to as "Cr. Doc." The docket sheet for the criminal case is attached to Respondent's response at (Doc. 11-1).

filed a reply and several supplements to the reply (Doc. 15, 17, 18, and 20).

Upon due consideration, the Court determines that the petition is due to be dismissed as an improper filing under § 2241. If the petition were not due to be dismissed, it would fail on the merits.

**I.     Background and Procedural History**

On October 26, 2004, Petitioner was indicted for violations of 18 U.S.C. § 2312, interstate transportation of stolen vehicles (counts one and two) and 18 U.S.C. § 922(g)(1), possession of a firearm by a convicted felon (Cr. Doc. 1, 14). Pursuant to a plea agreement, Petitioner pleaded guilty to counts I and III of the indictment (Cr. Doc. 14). On May 12, 2005, Petitioner was sentenced to 120 months imprisonment on count one and a concurrent sentence of 195 months imprisonment on count three (Cr. Doc. 20). Petitioner appealed the district court's determination that he qualified for sentencing as an armed career criminal under 18 U.S.C. § 924(e), and the Fourth District Court of Appeal affirmed. *United States v. Nipper*, 169 Fed. Appx. 174 (4th Cir. 2006).

On October 2, 2008, Petitioner filed a motion pursuant to 28 U.S.C. § 2255, seeking to vacate his sentence, but the motion was denied (Cr. Doc. 45, 65). Petitioner's subsequent request to the Fourth Circuit for permission to file a successive motion to vacate was denied (Cr. Doc. 69, 70).

On June 1, 2010, Petitioner filed the instant petition, which he subsequently amended, seeking habeas corpus relief pursuant to 28 U.S.C. § 2241.

**II.    Discussion**

Petitioner alleges that the ACCA enhancement to his sentence in count three was improper pursuant to the United States Supreme Court's decisions in *Begay v. United*

*States*, 553 U.S. 137 (2008), *Chambers v. United States*, 129 S.Ct. 687 (2009), and *Johnson v. United States*, 130 S.Ct. 1265 (2010) (Doc. 3 at 10).  Specifically, Petitioner asserts that in light of those cases, his prior convictions for felonious escape, felonious breaking and entering, and felonious common law robbery no longer qualify as "violent felonies" and cannot be used as ACCA predicate offenses (Doc. 3 at 18).  Respondent contends that, even assuming that Petitioner's conviction for felonious escape from a work release prison no longer qualifies as a predicate offense under *Chambers*, Petitioner still has sufficient predicate offenses to qualify as an armed career criminal (Doc. 11 at 2-3).

    ***A.    Applicable Law***

Petitioner has styled this action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, which provides a means for a prisoner to challenge the execution of his sentence.  Here, however, Petitioner challenges the validity of his 195 month sentence for possession of a firearm by a convicted felon because he claims the sentence was "improperly enhanced." Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255(a); *Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003).  Because Petitioner's previous § 2255 motion was denied by "the court which imposed [his] sentence," Petitioner may not file another § 2255 motion without first receiving permission from the appropriate United States Court of Appeals. 28 U.S.C. § 2255(h).  Petitioner unsuccessfully sought permission to file a successive § 2255 motion in the Fourth Circuit Court of Appeals(Cr. Doc. 69, 70).  Because Petitioner is now barred from filing this motion under § 2255, he filed the instant petition pursuant to 28 U.S.C. § 2241. However, § 2255(e) expressly limits the circumstances under which a federal prisoner may file such a

petition. Petitioner argues that he is entitled to bring this § 2241 petition under the "savings clause" or "safe harbor provision" of § 2255(e).

### *1. Application of the Savings Clause*

Under § 2255(e)'s savings clause, a prisoner may file a § 2241 petition if an otherwise available remedy under § 2255 is inadequate or ineffective to test the legality of his detention. The clause provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, ***unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.***

28 U.S.C. § 2255(e) (emphasis added). In *Wofford v. Scott*, the Eleventh Circuit interpreted this provision to mean that the savings clause applies when: (1) a claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of the Supreme Court decision establishes that the petitioner was convicted for an offense that is now nonexistent; and (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the trial, appeal, or first § 2255 motion. 177 F.3d 1236, 1244 (11th Cir. 1999). All three *Wofford* requirements must be met before the savings clause may be utilized to seek habeas relief. *See Dean v. MacFadden*, 133 Fed. Appx. 640, 642 (11th Cir. 2005).[2] Once the savings clause of § 2255(e) applies to open the portal to a § 2241 proceeding, the inquiry is whether the petitioner can establish actual innocence of the crime for which he has been convicted. *Wofford,* 177 F.3d at 1244 n.3.

---

[2]This is an unpublished decision and is persuasive, but not binding, authority pursuant to Eleventh Circuit Rule 36–2. The Court notes this same rule applies to other Fed. Appx. cases cited herein.

4

Under these requirements, the only sentencing claims in the Eleventh Circuit "that may conceivably be covered by the savings clause are those based upon a retroactively applicable Supreme Court decision overturning circuit precedent." *Wofford*, 177 F.3d at 1245; *see also Edwards v. Warden, FCC Coleman–Medium*, 432 Fed. Appx. 897, 899 (11th Cir. 2011) ("There is no precedent in this circuit for applying the savings clause to sentence claims.").

Petitioner has the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of a motion brought under § 2255. *Gaines v. Warden, FCC Coleman USP 1*, 380 Fed. Appx. 812, 814 (11th Cir. 2010) (citing *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979)). Petitioner argues that the safe harbor provision applies because his 195 month sentence was above the statutory maximum for his violation of 18 U.S.C. § 922(g)(1). Indeed, the statutory maximum sentence for possession of a firearm in violation of 18 U.S.C. § 922(g)(1) is ten years. *See* 18 U.S.C. § 924(a)(2). However, Congress legislated in the Armed Career Criminal Act of 1984, that a statutory *minimum* sentence of 15 years imprisonment is mandatory if a felon convicted of a possession of a firearm also has three or more prior "violent felony" or "serious drug offense" convictions. *See* 18 U.S.C. § 924(e). At the time of his conviction for possession of a firearm, Petitioner had three prior qualifying convictions, and in accord with the ACCA enhancement, the district court sentenced him to a term of imprisonment exceeding the ten year statutory maximum under § 924(a)(2). Therefore, this Court agrees that Petitioner was sentenced in excess of the statutory maximum if he did not qualify for the ACCA enhancement. However, if Petitioner's enhanced sentence remains supported by sufficient qualifying predicate offenses, as alleged by Respondent, the second prong of *Wofford*

would not apply, and the § 2241 petition could not proceed.[3]

### 2. Retroactively Applicable Controlling Supreme Court Case Law

Petitioner alleges that the ACCA enhancement to his sentence in count three was improper pursuant to the United States Supreme Court's decisions in *Begay*, 553 U.S. at 137 (felony driving under the influence of alcohol is not a "violent felony" under the ACCA), *Chambers*, 129 S.Ct. at 687 (concluding that failure to report under a multi-dimensional Massachusetts escape statute does not qualify as an ACCA predicate), and *Johnson*, 130 S.Ct. at 1265(concluding that a conviction under Florida's battery statute was not necessarily a "violent felony" under the ACCA because the element of actually and intentionally touching under Florida's battery law is satisfied by any intentional physical contact, no matter how slight) (Doc. 3 at 10). In *Begay*, the Supreme Court "held that a violent felony must involve 'purposeful' conduct." 553 U.S. at 143. *Chambers* reiterated the rule that a violent felony within the ACCA must be "purposeful, violent, and aggressive." 129 S.Ct. at 692.

As an initial matter, it is not clear that these cases have been made retroactively applicable on collateral review so as to satisfy the first prong of *Wofford*. In general, decisions that establish new rules of law are not applied retroactively to cases on collateral review. *Teague v. Lane*, 489 U.S. 288, 303, 310–11 (1989); *Tyler v. Cain*, 533 U.S. 656, 662-63 (2001) ("a new rule is not made retroactive to cases on collateral review unless the

---

[3] In *Gilbert v. United States*, 640 F.3d 1293 (11th Cir. 2011) (*Gilbert II*), the Eleventh Circuit declined to decide the issue of whether a sentencing error that results in a sentence longer than the statutory maximum may even be brought in a § 2241 habeas petition by virtue of the savings clause. Because, as discussed *infra*, Petitioner qualified for the ACCA enhancement, this is not an issue that need be reached by this Court.

6

Supreme Court holds it to be retroactive.").[4] However, even assuming, without deciding, that the cases are retroactively applicable, as discussed *infra*, Petitioner has sufficient qualifying violent felonies to support his enhanced sentence.

### B. Qualifying Convictions for ACCA Enhancement

Petitioner strenuously argues that the meaning of "violent felony" under § 924(e) is a matter of North Carolina law (Doc. 3 at 18). Petitioner is mistaken. Whether a prior conviction is a "violent felony" is a question of federal law. *Johnson*, 130 S.Ct. at 1269; *United States v. Santiago*, 601 F.3d 1241, 1243 (11th Cir. 2010). "Violent felony" is defined in § 924(e) as follows:

> (B) [T]he term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another; ....

18 U.S.C. § 924(e)(2)(B). To determine whether a prior offense is a "violent felony," the Court uses a "categorical approach" in which it looks "only to the fact of conviction and the statutory definition of the prior offense." *Sykes v. United States*, 131 S.Ct. 2267, 2272 (2011); *Taylor v. United States*, 495 U.S. 575, 602 (1990). The Court considers whether

---

[4] In *Gilbert v. United States*, the Eleventh Circuit conceded that *Begay* fits the description of a retroactively applicable Supreme Court decision overturning circuit precedent in, 609 F.3d 1159, 1165 (11th Cir. 2010) (*Gilbert I*). However, *Gilbert I* was vacated and overturned by *Gilbert II.*

7

the elements of the offense qualify as a violent felony, without inquiring into the specific conduct of a particular offender. *Sykes*, 131 S.Ct. at 2272; *James v. United States*, 550 U.S. 192, 202 (2007). The Court focuses on the elements of the state crime to determine the way in which it is ordinarily committed. *Sykes*, 131 S.Ct. at 2272.

Where this categorical approach establishes that a statute encompasses both conduct that constitutes a violent felony and conduct that does not, a "modified categorical approach" is followed. *Shepard v. United States*, 544 U.S. 13, 23 (2005); *United States v. Palomino Garcia*, 606 F.3d 1317, 1327 (11th Cir. 2010). In such a situation, a court is allowed to go beyond the mere fact of conviction, but is limited to examining only "records of the convicting court approaching the certainty of the record of conviction." *Shepard*, 544 U.S. at 23. These records include charging documents, plea agreements, transcripts of plea colloquies, findings of fact and conclusions of law from a bench trial, and jury instructions and verdict forms. *Johnson*, 130 S. Ct at 1273.

Under the "elements" clause in § 924(e)(2)(B)(i), the "physical force" requires "violent force—that is, force capable of causing physical pain or injury to another person." *Johnson*, 130 S.Ct. at 1271. The "residual clause" of § 924(e)(2)(B)(ii) requires that the offense pose a serious potential risk of physical injury comparable to the risk posed by the enumerated crimes, and be "roughly similar, in kind" to the enumerated crimes. *Begay*, 553 U.S. at 143. *See also United States v. Alexander*, 609 F.3d 1250, 1255–56 (11th Cir. 2010).

Petitioner's Resentence Investigation Report ("PSI") contains multiple prior felony convictions: a 1980 North Carolina conviction for Felonious Breaking and Entering and Larceny (¶ 33, Doc. 15 at 44); a 1981 North Carolina conviction for Felonious Escape (¶

34, Doc. 15 at 45); a 1984 North Carolina conviction for Felonious Common Law Robbery (¶ 38, Doc. 15 at 46); a 1984 North Carolina conviction for Felonious Breaking and Entering and Larceny (¶ 39, Doc 15 at 46); and a 1987 Florida conviction for Felonious Sale of Cocaine (¶ 49, Doc. 15 at 47).[5] As long as three of the counts contained in the PSI qualify as predicate prior convictions for enhancement purposes, it is irrelevant that other counts contained therein do not.

Petitioner contends that only the three convictions specifically represented at his first sentencing hearing and considered by the sentencing court can be used for his ACCA enhancement (Doc. 15 at 6).[6] He argues that, pursuant to *United States v. Canty*, 570 F.3d 1251 (11th Cir. 2009), his prior convictions for felonious breaking and entering and larceny and felonious sale of cocaine cannot be used to support an enhanced sentence because the Government did not specifically assert during the sentencing hearing that those were qualifying offenses on which it relied to support an enhanced sentence. Petitioner misunderstands the ruling in *Canty*. In *Canty*, the Government had explicitly adopted the position in an addendum to the PSI that the objected-to facts about the convictions were being reported *only* to advise the court of the circumstances of arrest, not to prove that

---

[5]Petitioner does not appear to contest that his 1989 Florida cocaine conviction constituted a "serious drug offense" under § 924(e)(2)(A). However, the information before this Court is ambiguous because neither the PSI nor the records submitted by Petitioner list the Florida statute number or describe the facts under which Petitioner was convicted. Accordingly, this offense will not be addressed by the Court. In addition, because the Court determines that Petitioner had three qualifying predicate felonies, the Court will not address Petitioner's 1981 conviction for felonious escape.

[6] It is not clear from the pleadings or the record why Petitioner believes that only three prior convictions were considered by the sentencing court. Petitioner attaches to his reply a portion of a document entitled "Response by the Probation Officer" in which the officer states that Petitioner had "at least" three prior convictions for a violent felony" or "serious drug offense" and then points to Petitioner's 1980 conviction for felonious breaking and entering, his 1981 conviction for felonious escape, and his 1984 conviction for felonious common law robbery (Doc. 15 at 41). Petitioner does not explain how this document fragment supports Petitioner's argument or was somehow binding on the sentencing court.

9

those prior convictions qualified for enhancement purposes. The *Canty* court held that the Government is not entitled to subsequently present additional evidence to support an enhanced sentence when it failed to "offer such evidence and seek those findings and conclusions during the initial sentencing hearing and did not object to the manner in which the sentence was imposed." 570 F.3d at 1257. Unlike the situation in *Candy*, in the instant case, the prior convictions needed to qualify Petitioner under the ACCA were included in the PSI, and there is no need to reopen the sentencing proceeding to supplement the record.

Moreover, the *Canty* court did not consider whether a *categorically* violent felony listed as a prior offense in the PSI could be used to support a sentencing enhancement if the Government did not specifically rely on that felony at the sentencing hearing. The breaking and entering offenses to which Petitioner now takes exception are categorically violent felonies with no need to examine the underlying facts to determine whether they qualify as violent felonies under the ACCA.

Finally, the Eleventh Circuit has held that § 924(e) does not even require the Government to affirmatively seek an enhancement because the enhancement is mandatory if Petitioner has the underlying predicate prior convictions. *United States v. Gibson*, 64 F.3d 617, 625 (11th Cir. 1995); *see also Almendarez-Torres v. United States*, 523 U.S. 224 (1998) (a prior conviction need not be alleged in an indictment to support the application of a sentencing enhancement). Although due process mandated that Petitioner receive reasonable notice of, and an opportunity to be heard concerning the prior convictions, *United States v. Cobia*, 41 F.3d 1473, 1476 (11th Cir. 1995), Petitioner was notified of the possibility of a sentencing enhancement in his plea agreement (Cr. Doc. 14 at 3). Petitioner

was notified of the prior convictions in the PSI, filed before Petitioner's sentencing hearing. In addition, both of Petitioner's breaking and entering convictions and his felonious common law robbery conviction were listed as predicate felonies in the factual basis for his plea (Cr. Doc. 12). The specific identification of three qualifying convictions in the probation officer's response to the PSI did not amount to a waiver of reliance on other convictions that were also listed in the PSI.

### *1. Felonious Breaking and Entering and Larceny*

Petitioner has two separate convictions for felonious breaking and entering and larceny (¶¶ 33, 39, Doc. 15 at 44, 46). Burglary is an enumerated qualifying "violent felony" under § 924(e)(2)(B)(ii). In *Taylor v. United States*, the Supreme Court determined that "a person has been convicted of burglary for purposes of a section 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the same basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure with intent to commit a crime." 495 U.S. 575, 599 (1990).

The North Carolina breaking and entering felony statute criminalizes conduct categorically meeting the *Taylor* definition of burglary.[7] To support a conviction for felonious breaking and entering under North Carolina General Statute § 14-15(a), there must exist substantial evidence of each of the following elements: (1) the breaking or entering, (2) of any building, (3) with the intent to commit any felony or larceny therein. *State v. White*, 84 N.C.App. 299, 352 S.E.2d 261 (1987); *State v. Litchford*, 78 N.C.App.

---

[7]The North Carolina statute on breaking and entering in effect at the time of Petitioner's offenses held that "[a]ny person who breaks or enters any building with intent to commit any felony or larceny therein shall be punished as a Class H felon." N.C. Gen. Stat § 14-54(a) (1980). The statute in effect prior to 1980 was substantially identical.

722, 338 S.E.2d 575 (1986).  Clearly, Petitioner's convictions for felonious breaking and entering satisfy the *Taylor* definition of a burglary for purposes of ACCA enhancement.  *See also United States v. Thompson*, 421 F.3d 278, 283-84 (4th Cir. 2005) (a North Carolina conviction for breaking and entering is a violent felony for purposes of the ACCA); *United States v. Bowden*, 975 F.2d 1080, 1084-85 (4th Cir. 1992) (holding that breaking or entering generally under North Carolina General Statute § 14-54 constitutes generic burglary under *Taylor* and justifies an enhancement of punishment under the ACCA).  Although *Thompson* and *Bowden* were decided before *Begay*, the Fourth Circuit has specifically determined that the precedents remain viable. *United States v. Thompson*, 588 F.3d 197 (4th Cir. 2009) ("[T]he Supreme Court's decision in *Taylor* and our decisions in *Bowden* and *Thompson* remain controlling law, even after the Supreme Court's decision in *Begay*[.]").  The Middle District of Florida, citing *Thompson*, has also determined that North Carolina convictions for felonious breaking and entering qualify as predicate offenses under the ACCA. *Brantly v. United States*, 2011 WL 6057510 (M.D. Fla. 2011).

In addition, Petitioner received a sentence of two to four years imprisonment for the 1980 breaking and entering conviction and a sentence of three years imprisonment for the 1984 breaking and entering conviction, so the crimes were clearly "punishable by imprisonment for a term exceeding one year." (PSI at ¶¶ 33, 39; Doc. 3 at 26-27); *compare United States v. Smith*, 448 Fed. Appx. 340, 342 (4th Cir. 2011) (error for district court to qualify as predicate offenses under the ACCA, breaking and entering offenses to which Petitioner did not face more than one year in prison), *vacating* 354 Fed.Appx 830 (4th Cir. 2009), *rev'd, Smith v. United States*, 130 S.Ct. 3466 (2010).  Petitioner's two convictions for Felonious Breaking and Entering are qualifying crimes of violence under the ACCA.

## 2. Felonious Common Law Robbery

North Carolina defines common law robbery as the felonious non-consensual taking of personal property or money from the person or presence of another by means of force or placing in fear. *North Carolina v. Delk*, 604 S.E.2d 368 (N.C. App. 2004). The Fourth Circuit has specifically held, post *Begay*, *Chambers*, and *Johnson*, that North Carolina common law robbery qualifies as a violent felony for purposes of the ACCA. *See United States v. Carmichael*, 408 Fed. Appx. 769 (4th Cir. 2011). The *Carmichael* court relied on *United States v. Jarmon*, 596 F.3d 228, 230–33 (4th Cir.), *cert. denied,* 131 S.Ct. 145, 178 L.Ed.2d 87 (2010), in which the Fourth Circuit held that a North Carolina conviction for larceny from the person was a "crime of violence" under the federal sentencing guidelines.[8]

As noted by the Fourth Circuit in *Carmichael*, the only difference between larceny from the person and common law robbery under North Carolina law is that larceny from the person lacks the requirement that the victim be put in fear. 408 Fed. Appx. at 771; *State v. Carter*, 186 N.C. App. 259, 650 S.E.2d 650, 653–54 (2007). Accordingly, larceny from the person necessarily entails less violence than robbery. *Jarmon*, 596 F.3d at 232. Because the "less violent" offense of larceny from the person is a violent felony for purposes of the ACCA, it stands to reason that North Carolina common law robbery also qualifies as a violent felony. *Carmichael*, 408 Fed. Appx. At 771; *see also United States v. Hutchinson*, 149 Fed. Appx. 214 (4th Cir. 2005) (a North Carolina robbery conviction qualifies as a violent felony under § 923(e)(1)).

---

[8] Because the definitions of "violent felony" under the ACCA and "crime of violence" under the sentencing guidelines are virtually identical, the Eleventh Circuit considers cases interpreting one as authority in cases interpreting the other. *United States v. Alexander*, 609 F.3d 1250, 1253 (11th Cir. 2010).

Petitioner received a sentence of three years imprisonment for his 1984 conviction for felonious common law robbery. The conviction is a qualifying crime of violence under the ACCA.

### III.   Conclusion

Because Petitioner's convictions for felonious breaking and entering and felonious common law robbery are qualifying "violent crimes" under the ACCA, Petitioner has three qualifying violent crimes for enhancement purposes. Even if *Begay*, *Chambers*, and *Johnson* had been on the books when Petitioner was sentenced, he was properly sentenced as an armed career criminal. Moreover, the determination by the sentencing court that Petitioner qualified as an armed career criminal for sentencing purposes was not a finding of guilt and imprisonment for any "offense." Rather, Petitioner was imprisoned for the offenses to which he pleaded guilty, interstate transportation of stolen vehicles and possession of a firearm by a convicted felon, and there has been no intervening change in the law that made those offenses nonexistence. As a result, the subsequent Supreme Court decisions on which Petitioner relies do not establish that Petitioner was convicted of a nonexistent offense, and this case does not meet the second prong of the *Wofford* requirements.

Because Petitioner has not satisfied the *Wofford* test, this claim does not fall within the ambit of the § 2255(e) savings clause and Petitioner's collateral attack on his federal conviction must be treated as a § 2255 petition. However, Petitioner has previously filed a § 2255 petition. Therefore, the instant action is a successive petition and this Court is without jurisdiction to consider it. Consequently, the instant petition must be dismissed. Moreover, because Petitioner has three qualifying felonies, he qualified for the ACCA

sentencing enhancement, and if the petition were not due to be dismissed, it would fail on the merits.

Accordingly, for the reasons set forth above, it is **ORDERED** and **ADJUDGED** as follows:

1. The amended 28 U.S.C. § 2241 petition (Doc. 3) filed by Donnie Wayne Nipper is **DISMISSED** as an improper filing under § 2241.

2. The Court determines that, even if properly filed, the petition would fail on the merits.

2. The Clerk is directed to enter judgement against Donnie Wayne Nipper, terminate any pending motions, and close the case.

**DONE AND ORDERED** at Ocala, Florida, this 1st day of May, 2012.

_____
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-4 5/1
Donnie Wayne Nipper

15